UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sophia Parker, | Case No. 2:24-cv-01880-CDS-MDC |
| Plaintiff | **Order Granting Plaintiff's Motion for Leave to File a Response** |
| v. | |
| Astral Hotels Las Vegas, Inc., et al., | [ECF No. 44] |
| Defendants | |

Plaintiff Sophia Parker moves for leave to file an omnibus response to defendants'[1] motions to dismiss. ECF No. 44. Her response was due on January 7, 2025. ECF No. 38. The motion asserts that Parker was unable to comply with the deadline because counsel "had his childcare unexpectedly removed" and another was "prevented from coming into the office due to a snowstorm[.]" ECF No. 44 at 1.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that is determined by considering, inter alia: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Parker fails to cite any points and authorities in support of the relief she seeks, and therefore Parker's motion could be denied on this alone. *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). However, the court recognizes that Rule 6 must be "liberally construed

---

[1] Penn Entertainment, Inc., Tropicana Las Vegas, Inc., Tropicana Las Vegas Hotel and Casino, Inc., Bally's Corporation, Onex Corp. (ECF No. 40), MGM Resorts International, New Castle, LLC (ECF No. 41), Astral Hotels Las Vegas, Inc. (ECF No. 42), and Wynn Las Vegas, LLC (ECF No. 43).

to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). At bottom, the excusable neglect inquiry is "an equitable one", *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), and importantly, here, defendants do not take a position or argue that granting the extension will prejudice them in any way. *See* ECF No. 44 at 1. Moreover, Parker sought relief only two days after the originally, stipulated due date. Because I find no bad faith here—and no particular risk of prejudice,[2] I grant the request for leave to file a response to ensure that the motions to dismiss are resolved on the merits.

Counsel is directed to file Parker's omnibus response. The deadline for defendants to reply is extended to January 28, 2025.

Dated: January 10, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] *Cf. Ahanchian*, 624 F.3d at 1262 (three-day delay did not justify denying relief).