Lori C. Rogich, Esquire
Nevada State Bar No. 12272
ROGICH LAW FIRM, PLLC
11920 Southern Highlands Parkway, Suite 301
Las Vegas, Nevada 89141
702.279.2491
lori@rogichlawfirm.com

Courtney McCandless
Nevada State Bar No. 13722
SIMMONS FREEMAN LLC
3625 S. Town Center Drive, Suite 150
Law Vegas, Nevada 89135
702.846.4689
cmccandless@nvtrustlawyers.com

Hillary D. Freeman, Esquire*
NJ ID No. 002362006
PA ID No. 200109
FREEMAN LAW OFFICES, LLC
100 Canal Pointe Blvd, Suite 121
Princeton, New Jersey 08540
609.454.5609
hillary@freemanlawoffices.com

Judith A. Gran, Esquire*
PA ID No. 41034
Catherine Merino Reisman, Esquire*
PA ID No. 57473
NJ ID No. 035792000
NY ID No. 5640172
REISMAN GRAN ZUBA LLP
923 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
856.354.0071
catherine@rgz.law
judith@rgz.law

Jeffrey I. Wasserman, Esquire*
NJ ID No. 037051999
NY ID No. 3046448
Gregory G. Little, Esquire*
NY ID No. 4288544
WASSERMAN LITTLE LLC
1200 Route 22 East, Suite 200, #2238
Bridgewater, New Jersey 08807
973.486.4801
jwasserman@wassermanlittle.com
glittle@wassermanlittle.com

Attorneys for Plaintiffs                               *Admitted pro hac vice

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| L.W., by and through his Parent and Next Friend, C.W. and C.W., individually, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NEVADA DEPARTMENT OF EDUCATION;<br><br>DR. STEVEN CANAVERO, in his official capacity as Interim Superintendent of Public Instruction of the Nevada Department of Education; and<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendants. | Case No.: 2:24-cv-01800-GMN-DJA<br><br>~~PROPOSED~~ **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER (FIRST REQUEST)** |

1

Plaintiffs, by and through their undersigned counsel, and Defendants Nevada Department of Education (NDE), Dr. Steven Canavero, and Clark County School District (CCSD), by and through their counsel of record, hereby submit this Stipulation and Order to Extend the Discovery Plan and Scheduling Order (First Request) pursuant to LR IA 6-1 and LR 26-3 as follows:

## I. PROCEDURAL HISTORY

On September 25, 2024, Plaintiffs commenced this action alleging systemic violations by Defendants of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* (IDEA), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Section 504), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* (ADA). ECF 1. Plaintiffs filed a First Amended Complaint on December 10, 2024. ECF 30.

On December 24, 2024, CCSD filed a Motion to Dismiss the First Amended Complaint. ECF 32. Plaintiffs responded to CCSD's Motion to Dismiss on January 7, 2025. ECF 44.

On January 10, 2025, NDE filed a Motion to Dismiss Amended Complaint. ECF 45. Plaintiffs filed their response on January 24, 2025 and NDE filed its reply on January 31, 2025. ECF 52, 53.

On January 21, 2025, NDE submitted a First Motion to Stay Discovery and the Court scheduled the motion for hearing on March 11, 2025. ECF 50, 51. Plaintiffs opposed the motion on February 4, 2025 and NDE filed its reply on February 11, 2025. ECF 54, 55.

Plaintiffs filed a Motion to Approve Plaintiffs' Proposed Discovery Plan on February 18, 2025. ECF 57.

By order dated March 11, 2025, this Court denied the Motion to Stay and the Motion to Approve and ordered the parties to meet and confer regarding the discovery plan. ECF 71. On

March 25, 2025, the parties submitted a Stipulated Discovery Plan and Scheduling Order and on March 26, 2025, the Court approved the Discovery Plan. ECF 72, 73.

## II.
## DISCOVERY COMPLETED

**To date, Plaintiffs have completed the following discovery:**

- Plaintiffs' FRCP 26(a)(1) Disclosures, served March 28, 2025;

- Plaintiffs' FRCP 26(a)(2) Disclosures, served on July 16, 2025;

- Plaintiffs supplemented their FRCP 26(a)(1) Disclosures on August 27, 2025;

- Plaintiffs noticed and completed a deposition pursuant to FRCP 30(b)(6) of defendant NDE on July 28 and 29, 2025;

- Plaintiffs commenced depositions of CCSD witnesses with CCSD's and NDE's agreement that any CCSD witness deposed before the completion of CCSD's document production may be re-called after the production is complete;

- CCSD's FRCP 26(a)(1) Disclosures, served April 8, 2025;

- CCSD has provided some documents in response to Plaintiffs' First Request for Production of Documents, served on April 4, 2025, but CCSD acknowledges that the production is not complete;

- CCSD responded, partially, to Plaintiffs' First Set of Interrogatories, but Plaintiffs contend the responses are incomplete – the parties are attempting to resolve this dispute;

- Defendants have noticed the depositions of and deposed Z.A., M.R., A.S., A.B., L.P., I.L., A.W., and H.L.

**To date, Defendant NDE has completed the following discovery:**

- NDE's FRCP 26(a)(1) Disclosures, served March 28, 2025;

- NDE has provided some documents in response to Plaintiffs' First Request for Production of Documents to Defendant NDE, served April 4, 2025, but the response included no communications (such as emails) – the parties are attempting to resolve this dispute;

- On May 5, 2025, NDE responded to Plaintiffs' First Set of Interrogatories to Defendant NDE, served April 4, 2025. Plaintiffs contend that the document production is inadequate with respect to communications such as emails. The parties are attempting to resolve this dispute.

## III.
## DISCOVERY REMAINING TO BE COMPLETED

- The parties seek this Stipulation and Order because CCSD and NDE are still in the process of producing documents.

- On August 20, 2025, Plaintiffs notified NDE in a meet and confer meeting that the production failed to include all responsive communications. Counsel for NDE said he would look into it. For some period of time after August 20, 2025, NDE was unable to review and produce documents due to a security breach that resulted in NDE being unable to access its electronic data. NDE intends to produce responsive, nonprivileged requested communications and reserve the right to assert objections that were contained within the written responses.

- Plaintiffs provided CCSD with search terms for the production on August 12, 2025. CCSD provided a spreadsheet with the number of unique hits for Plaintiffs to narrow the search. CCSD is currently running those search terms against a limited set of custodians—specifically, the individuals CCSD identified to appear as 30(b)(6) witnesses—as a sample set. Depending on the results, Plaintiffs have reserved the right to have searches run for additional custodians.

- Meanwhile, Defendants have noticed the deposition of and Plaintiffs will produce C.W. (August 12, 2025). That will complete the depositions sought by CCSD.

- CCSD served requests for production and interrogatories on Plaintiffs on August 12, 2025 and August 15, 2025. Plaintiffs will respond by September 22, 2025.

- Plaintiffs began the deposition of Daniel Ebihara of CCSD on September 4, 2025. This was the first date that Mr. Ebihara was available after the hearing on Plaintiffs' motion to compel his deposition. He was only available for half a day on September 4, 2025.

- Plaintiffs must complete the 30(b)(6) deposition of CCSD. Plaintiffs served CCSD with a Notice of Deposition enumerating FRCP 30(b)(6) topics on August 8, 2025. CCSD informally identified the 30(b)(6) witnesses on August 26, 2025 and provided a formal list of 30(b)(6) witnesses on September 2, 2025, but CCSD still has not identified a witness for one of the topics.

- After reviewing a complete document production from CCSD, Plaintiffs may identify other witnesses from CCSD that they need to depose.

- Plaintiffs seek to depose Jhone Ebert and Brenda Larsen-Mitchell. CCSD has filed a motion for a protective order and the Court will hear that motion on October 6, 2025.

- The Court has stayed the depositions of Ms. Ebert and Ms. Larsen-Mitchell pending decision on the motion for a protective order.

- The Parties have agreed that Plaintiffs may need to recall CCSD witnesses after Plaintiffs have had an opportunity to review the documents to be produced by CCSD and NDE.

- Plaintiffs have requested that NDE agree that Plaintiffs may need to recall NDE witnesses after Plaintiffs have had an opportunity to review the communications requested at the August 20, 2025 meet and confer. NDE has not agreed to this but

5

remains open to future meet and confer discussions regarding remaining depositions or other discovery. Plaintiffs will not know until they review the additional documents if they need to recall any witness and reserve the right to seek relief if necessary.

- CCSD took a deposition of L.P. on September 5, 2025. During that deposition, the parties agreed to reserve questioning on limited topics until the parties have had an opportunity to meet and confer.

A request to extend the discovery deadline made within twenty-one days of the subject deadline must be supported by a showing of good cause. LR 26-3. Because they do not want to delay relief for the children receiving educational services in CCSD, and mindful of this Court's prior admonitions regarding working out problems through the meet and confer process, Plaintiffs have worked diligently with Defendants to try to avoid requesting any extension of any deadlines. However, at this time, given that NDE and CCSD have yet to complete their document productions, which is in part because of the security breach affecting NDE and the potential scope of the review process for CCSD, there is good cause to support the parties' request for a unilateral extension of time for Plaintiffs to secure full discovery responses and complete the depositions in this case.

6

## IV.
## PROPOSED AMENDED SCHEDULE

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| Discovery Deadline | September 15, 2025 | October 15, 2025 – for Plaintiffs to complete depositions |
| Dispositive Motions | October 15, 2025 | November 14, 2025 |
| Joint Pre-Trial Order | November 14, 2025 [deadline will be suspended if dispositive motions are timely filed until thirty days after the decision of the dispositive motions or until further order of the court] | December 15, 2025 [deadline will be suspended if dispositive motions are timely filed until thirty days after the decision of the dispositive motions or until further order of the court] |

The parties have also stipulated and agreed as follows:

1. CCSD will complete its document production by September 22, 2025.

2. NDE will complete its document production by September 22, 2025.

3. Plaintiffs may recall witnesses to the extent appropriate based on the documents to be produced by CCSD.

4. Plaintiffs may depose previously unidentified witnesses based on the documents to be produced by CCSD.

5. Plaintiffs will provide their responses to discovery from CCSD by September 22, 2025.

This is the first request for an extension of time in this matter and no trial date will be impacted by the extension as the Court has not set a trial date. The parties submit that the reasons set forth above constitute good cause for the requested extension

Dated this 11th day of September 2025

| | |
|---|---|
| /s/ Catherine Merino Reisman<br>Catherine Merino Reisman, Esquire*<br>PA ID No. 57473<br>NJ ID No. 035792000<br>NY ID No. 5640172<br>Judith A. Gran, Esquire*<br>PA ID No. 41034<br>REISMAN GRAN ZUBA LLP<br>923 Haddonfield Road, Suite 300<br>Cherry Hill, New Jersey 08002<br>856.354.0071<br>catherine@rgz.law<br>judith@rgz.law<br><br>Lori C. Rogich, Esquire<br>Nevada State Bar No. 12272<br>ROGICH LAW FIRM, PLLC<br>11920 Southern Highlands Parkway<br>Suite 301<br>Las Vegas, Nevada 89141<br>702.279.2491<br>lori@rogichlawfirm.com<br><br>Courtney McCandless<br>Nevada State Bar No. 13722<br>Simmons Freeman LLC<br>3625 S. Town Center Drive, Suite 150<br>Law Vegas, Nevada 89135<br>702.846.4689<br>cmccandless@nvtrustlawyers.com | Hillary D. Freeman, Esquire*<br>NJ ID No. 002362006<br>PA ID No. 200109<br>FREEMAN LAW OFFICES, LLC<br>100 Canal Pointe Blvd, Suite 121<br>Princeton, New Jersey 08540<br>609.454.5609<br>hillary@freemanlawoffices.com<br><br>Jeffrey I. Wasserman, Esquire*<br>NJ ID No. 037051999<br>NY ID No. 3046448<br>Gregory G. Little, Esquire*<br>NY ID No. 4288544<br>WASSERMAN LITTLE LLC<br>1200 Route 22 East, Suite 200, #2238<br>Bridgewater, New Jersey 08807<br>973.486.4801<br>jwasserman@wassermanlittle.com<br>glittle@wassermanlittle.com<br><br>*Admitted pro hac vice<br><br><br>Attorneys for Plaintiffs |
| /s/ Jacqueline V. Nichols<br>Jacqueline V. Nichols<br>Nevada State Bar No. 14246<br>Weinberg, Wheeler, Hudgins, Gunn<br> & Dial, LLC<br>6385 South Rainbow Blvd, Suite 400<br>Las Vegas, Nevada 89118<br>702.938.3838<br>jnichols@wwhgd.com<br><br>Attorneys for Defendant Clark County<br>School District | /s/ Kyle J. Hoyt<br>Aaron Ford<br>Kyle J. Hoyt<br>Nevada State Bar No. 14886<br>State of Nevada<br>Office of Attorney General<br>1 State of Nevada Way, Ste. 100<br>Las Vegas, Nevada 89119<br>702.486.3420<br>khoyt@ag.nv.gov<br><br>Attorneys for Defendant Nevada<br>Department of Education and Interim<br>Superintendent Dr. Steven Canavero |

**ORDER**

IT IS SO ORDERED that the parties' stipulation to extend discovery plan and scheduling order (ECF No. 103) is GRANTED.

DATED: 9/12/2025

_____
UNITED STATES MAGISTRATE JUDGE

9

**CERTIFICATE OF SERVICE**

I, Catherine Merino Reisman, certify that I served all counsel of record with this PROPOSED STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER (FIRST REQUEST) by causing it to be sent via the ECF system on the date indicated below.

Dated: September 11, 2025

*/s/ Catherine Merino Reisman*
Catherine Merino Reisman

10