Phillip N. Smith, Jr., Esq.
Nevada Bar No. 10233
*psmithjr@wwhgd.com*
Jacqueline V. Nichols, Esq.
Nevada Bar No. 14246
*jnichols@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone:  (702) 938-3838
Facsimile:   (702) 938-3864

*Attorneys for Defendants*
*Clark County School District*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| L.W., by and through his Parent and Next Friend, C.W. and C.W., individually; T.L., by and through his Parent and Next Friend, I.L., and I.L., individually; C.R., by and through his Parent and Next Friend, M.R., and M.R., individually; C.L., by and through his Parent and Next Friend, H.L., and H.L., individually; F.U. and G.U., by and through their Parent and Next Friend, A.W. and A.W., individually; H.P., by through her Parent and Next Friend, L.P. and L.P., individually; K.S. and M.S., by and through their Parent and Next Friend, A.S. and A.S., individually; L.B. and E.T., by and through their Parent and Next Friend, A.B. and A.B., individually, Z.A., by through her Parent and Next Friend, A.A.; and A.A., individually and on behalf of all others similarly situated;  and  COUNCIL  OF  PARENT ATTORNEYS AND ADVOCATES,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>NEVADA DEPARTMENT OF EDUCATION DR. STEVEN CANAVERO, in his official capacity as Interim Superintendent of Public Instruction of the Nevada Department of Education; and CLARK COUNTY SCHOOL DISTRICT,<br><br>                  Defendants. | Case No.:      2:24-cv-01800-GMN-DJA<br><br><br><br><br>**DEFENDANT CLARK COUNTY SCHOOL DISTRICT'S MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FRCP 55(C)** |

1   Defendant CLARK COUNTY SCHOOL DISTRICT ("CCSD"), by and through its

2   counsel of record, the law firm of WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, hereby

3   submits this Motion to Set Aside Entry of Default Pursuant to FRCP 55(c) (the "Motion").

4   This Motion is made and based upon the following Memorandum of Legal Points and

5   Authorities, the Declaration of Jacqueline V. Nichols, and any arguments made by counsel at the

6   time of any hearing.

7   **MEMORANDUM OF LEGAL POINTS AND AUTHORITIES**

8   **I.    INTRODUCTION**

9   CCSD seeks to set aside the default that was entered on October 21, 2025. ECF No. 115.

10  As set forth in the Declaration of Jacqueline V. Nichols (the "Declaration"), the attorney primarily

11  handling this matter is undergoing significant health issues, which started on October 7, 2025, the

12  day after counsel for Plaintiffs notified Mrs. Nichols that CCSD had not yet filed its answer. *See*

13  Declaration, **Exhibit A**.[1] These health issues have persisted through the present. *Id.* Nichols had

14  already begun preparing CCSD's Answer to Plaintiffs' First Amended Complaint ("FAC");

15  however, despite Mrs. Nichols' best efforts and due to the health issues Mrs. Nichols faced in the

16  past three weeks, Mrs. Nichols was unable to file CCSD's Answer. *Id.*

17  The inadvertent clerical error referenced above combined with Mrs. Nichols' unexpected

18  health issues that immediately followed constitute good cause to set aside the entry of default,

19  pursuant to FRCP 55(c). What's more, Plaintiffs will not suffer any prejudice, as CCSD's

20  participation in the litigation is not only clear from the record, but also through the extensive

21  discovery conducted in this case to date. For the reasons set forth below, CCSD requests that the

22  Court set aside the entry of default.

23  **II.   DISCUSSION**

24  "[J]udgment by default is a drastic step **appropriate only in _extreme circumstances_; a**

25  **case should, whenever possible, be decided on the merits.**" *Falk v. Allen*, 739 F.2d 461, 463

26  (9th Cir. 1984) (emphasis added). Under FRCP 55, a court has the discretion to set aside an entry

27  _____

28  [1] Exhibit A will be filed under seal, contemporaneously with CCSD's Motion.

WEINBERG WHEELER
HUDGINS GUNN & DIAL

of default for good cause. Fed. R. Civ. P. 55(c). "'Good cause' is a liberal and mutable standard. Because defaults are generally disfavored, courts resolve such motions so as to encourage a decision on the merits." *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002). "Good cause" does not exist if one of the three factors are present: (1) the party seeking to set aside default engaged in culpable conduct that led to the default; (2) the defendant does not have a meritorious defense; or (3) reopening the default judgment would prejudice plaintiff." *United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (citing *Franchise Holding II*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Management,* 783 F.2d 941, 945-45 (9th Cir. 1986)).

### A. CCSD DID NOT ENGAGE IN CULPABLE CONDUCT THAT LED TO THE DEFAULT.

"Culpable conduct is intentional conduct." *Bd. of Trs. Of the Teamsters Loc. 631 §. Fund for S. Nev. v. World Wide Exhibits, Inc.*, 770 F. Supp. 3d 1245, 1250 (D Nev. Mar. 14, 2025) (citing *Mesle*, 615 F.3d at 1092)). Here, for the reasons set forth in the declaration in support of the instant motion, CCSD's conduct was not intentional, nor culpable. It was the result of an administrative error following and combined with several weeks of Mrs. Nichols' health issues that unexpectedly arose. **Ex. A.**

### B. CCSD HAS MERITORIOUS DEFENSES.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Bd of Trs. Of the Teamsters,* 770 F. Supp.3d at 1250. "But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Id.* "A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs., Inc. v. High Impact Design & Entm't*, 642 F.Supp. 2d 1228, 1233 (D. Nev. 2009). "The defendant is not required to prove beyond the shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face." *Id. Aristocrat Techs., Inc.* involved a breach of contract, where entry of default against the defendant occurred. *Id.* There, the defendant argued

WEINBERG WHEELER
HUDGINS GUNN & DIAL

WEINBERG WHEELER
HUDGINS GUNN & DIAL

that it had a meritorious defense because it performed under the terms of the agreement, among other reasons, and the court determined that these defenses at least had merits on their face. *Id.* Moreover, the district court is not required to decide the merits of the defenses; it need only be persuaded that a defense would be meritorious on its face.

In the instant case, CCSD submits that first, the applicable statute of limitations is two years. 20 U.S.C. § 1415(b)(6)(B); *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936 (9th Cir. 2017). CCSD submits that Plaintiffs L.W., C.R., F.U., L.B., E.T., and Z.A. all brought claims that are barred by the statute of limitations. Plaintiffs' FAC alleges that CCSD's violations began more than two years prior to the instant lawsuit being filed. What's more, a representative plaintiff whose claims are time-barred cannot maintain a claim on behalf of the class. *See, e.g., Piazza v. Ebsco Indus.*, 273 F.3d 1341, 1347 (11th Cir. 2001).

Moreover, based on the deposition testimony from some of the Plaintiffs[2], it is apparent that several Plaintiffs failed to exhaust their administrative remedies. Claims related to a failure to provide reasonable accommodations under a Section 504 plan must still be brought under the IDEA's administrative process and comply with the IDEA's exhaustion requirements if the "gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Fry v. Napoleon Cmty. Scho.*, 137 S.Ct. 743, 755 (2017). "The IDEA requires a plaintiff to exhaust his or her remedies before commencing suit if that person is 'seeking relief that is also available under the IDEA.'" *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1049 (9th Cir. 2002). Under 20 U.S.C. § 1415(l), "before the filing of a civil action under [other federal laws protecting the rights of children with disabilities], seeking relief that is also available under the [IDEA], the procedures under [IDEA] shall be exhausted to the same extent as would be required had the action been brought under [IDEA]."

The IDEA exhaustion requirement "embodies the notion that educational agencies, not the courts, ought to have primary responsibility for the educational programs that Congress has

---

[2] For brevity, and for purposes of this Motion based on the "good cause" standard set forth herein, CCSD did not attach the Plaintiffs' deposition transcripts hereto. CCSD can supplement its Motion with copies of all nine deposition transcripts for the Court's review.

charged them to administer." *Robb*, 308 F.3d at 1051. Here, several Plaintiffs testified that they never filed a due process complaint with CCSD prior to filing the instant complaint. Similarly, other Plaintiffs' claims are precluded by res judicata because they testified that their complaints obtained favorable resolution through the state complaint resolution process. In short, the Plaintiffs' deposition testimony further demonstrates that many of the Plaintiffs cannot articulate a basis for not going through the administrative process; some even settled their claims with CCSD.

## C. PLAINTIFFS WOULD NOT SUFFER PREJUDICE IF ENTRY OF DEFAULT WAS SET ASIDE.

A party's ability to pursue a claim can be prejudiced by "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* None of those concerns are present here. Moreover, "[p]rejudice exists if circumstances have changed since entry of the default such that [a] plaintiff's ability to litigate its claim is not impaired in some material way or if relevant evidence has become lost or unavailable." *Aristocrat Techs., Inc.*, 642 F.Supp. 2d at 1233. Here, CCSD has filed the instant motion as soon as practicable after the entry of default.

Plaintiff has suffered no prejudice from CCSD's delay in filing its Answer, since CCSD has been involved in this matter for nearly a year. Moreover, Plaintiffs' ability to litigate their claims has not changed in the last few weeks, and certainly not since the time the motion for default was filed and this Court granting it. CCSD intends on filing its Answer to Plaintiffs' FAC no later than October 22, 2025. **Ex. A**. Conversely, if the entry of default is not set aside, CCSD will suffer great prejudice, as it has significantly participated in this litigation since its inception, and as outlined above, it has meritorious defenses.

CCSD's active participation in this litigation is not only apparent from the record, but also its discovery efforts. CCSD has issued written discovery to all Plaintiffs, disclosed more than 25,000 pages of documents, and deposed all nine Plaintiffs—which is certainly inconsistent with a conclusion that CCSD did not intend to participate in this litigation such as to warrant a default judgment. The parties are also working on scheduling 12 depositions of CCSD's employees, seven of which are testifying as CCSD's "person most knowledgeable" on several different topics.

/ / /

WEINBERG WHEELER HUDGINS GUNN & DIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**III.    CONCLUSION**

For the foregoing reasons, CCSD respectfully requests that this Court GRANT CCSD's Motion and that the default entered against CCSD be set aside.

Dated this 22 day of October, 2025.

/s/ Jacqueline V. Nichols
Phillip N. Smith, Jr., Esq.
Jacqueline V. Nichols, Esq.
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*Clark County School District*

WEINBERG WHEELER
HUDGINS GUNN & DIAL

WEINBERG WHEELER
HUDGINS GUNN & DIAL

1                 **CERTIFICATE OF SERVICE**

2         I hereby certify that on the 22nd day of October, 2025, a true and correct copy of the

3  foregoing **DEFENDANT CLARK COUNTY SCHOOL DISTRICT'S MOTION TO SET**

4  **ASIDE ENTRY OF DEFAULT PURSUANT TO FRCP 55(C)** was electronically filed and

5  served on counsel through the Court's electronic service, via the electronic mail addresses noted

6  below, unless service by another method is stated or noted:

7  Lori C. Rogich, Esq.                   Judith A. Gran, Esq.

8  ROGICH LAW FIRM, PLLC        Catherine Merino Reisman, Esq.
   6070 South Eastern Avenue, Suite 270   Reisman Gran Zuba LLP

9  Las Vegas, NV 89119               923 Haddonfield Road, Suite 300
   lori@rogichlawfirm.com           Cherry Hill NJ 08002

10                           judith@rgz.law

11 Hillary D. Freeman, Esq.         catherine@rgz.law
   Freeman Law Offices, LLC

12 100 Canal Pointe Blvd. Suite 121     Jeffrey I. Wasserman, Esq,
   Princeton, NJ 08540              Gregory G. Little, Esq.

13 Hillary@freemanlawoffices.com     Wasserman Little, LLC
   *Attorney for Plaintiff*             1200 Route 22 East, Suite 200 # 2238

14                          Bridgewater, NJ 08807
                            jwasserman@wassermanlittle.com

15                          glittle@wassermanlittle.com
                            *Attorney for Plaintiff*

16

17 Aaron Ford, Esq.                Courtney McCandless, Esq,
   Kyle J. Hoyt, Esq.              Simmons Freeman, LLC

18 State of Nevada                2625 South Town Center Drive, # 150
   Office of Attorney General        Las Vegas, Nevada 89135
   1 State of Nevada Way, Ste. 100     cmccandless@nvtrustlawyers.com

19 Las Vegas, Nevada 89119        *Attorney for Plaintiff*
   khoyt@ag.nv.gov

20 *Attorneys for Nevada Department of Education,*
   *and Dr. Steven Canavero, in his official*

21 *capacity as Superintendent of Public Instruction*
   *of the Nevada Department of Education*

22

23                       */s/ Angelina M. Durazzo*
                         An employee of WEINBERG, WHEELER, HUDGINS,

24                       GUNN & DIAL, LLC

25

26

27

28