# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

C.W., et al.,

Plaintiffs,

v.

Nevada Department of Education, et al.,

Defendants.

Case No. 2:24-cv-01800-GMN-DJA

**Order**

Plaintiffs—schoolchildren and their parents—sue the Clark County School District, among other institutional defendants, for injunctive and declaratory relief, alleging that CCSD has not complied with its obligations to accommodate students with disabilities. Plaintiffs now move for sanctions to address CCSD's conduct in discovery, or in the alternative, to compel CCSD to comply with its discovery obligations. (ECF No. 111). Plaintiffs also move to extend the joint pretrial order deadline. (ECF No. 132).

The Court grants in part and denies in part Plaintiffs' motion for sanctions. Plaintiffs refer to broad categories of discovery conduct for which they believe CCSD should be sanctioned. But Plaintiffs do not point out which specific rules CCSD has violated, which specific rules or sources provide the Court's authority to sanction CCSD for its violations, or the specific sanctions Plaintiffs seek to address each asserted violation. So, while Plaintiffs may be frustrated with the way CCSD has engaged in discovery, the Court cannot grant Plaintiffs any of the sanctions they seek except for monetary sanctions related to a noticed deposition for which CCSD failed to produce a witness. The Court will require the parties to meet and confer and attempt to stipulate to the amount of those sanctions. The Court grants Plaintiffs' motion to extend the joint pretrial order deadline because they have shown good cause and excusable neglect and because no party has opposed the motion.

///

I.      **Discussion.**

   A.      ***Plaintiffs' motion for discovery sanctions.***

   In their motion, Plaintiffs refer broadly and interchangeably to the Court's inherent authority to issue sanctions and its authority under Federal Rule of Civil Procedure 37.  Relying on these broad invocations of authority, Plaintiffs ask the Court to impose wide ranging sanctions on CCSD, including precluding CCSD from offering certain defenses, compelling CCSD to "make a full and complete discovery production," and ordering CCSD to pay certain of Plaintiffs' witness and attorney's fees.  But Rule 37 and the Court's inherent authority are not interchangeable.  And the various types of sanctions and scenarios under which they are warranted in Rule 37 cannot be invoked in broad terms.  As explained in more detail below, Plaintiffs' failure to identify the precise rule that CCSD violated, the source of the Court's authority to sanction CCSD for that precise violation, and the precise sanction Plaintiffs seek to remedy each violation is fatal to the Court's ability to analyze their motion.  So, although CCSD's response is less than fulsome, the Court denies nearly all of Plaintiffs' sanctions requests on their face, except for one.  The Court will proceed through its analysis of Plaintiffs' motion by addressing CCSD's alleged discovery violations, going violation by violation.

   1.      CCSD's late initial disclosures.

   Plaintiffs argue that CCSD missed the parties' agreed upon initial disclosure deadline in March of 2025 by about two weeks due to issues with mailing and emailing the documents.  (ECF No. 111 at 5-6).  Plaintiffs do not identify the rule that they claim CCSD has violated, the rule governing their sanction request related to CCSD's failure to meet the deadline, or what sanctions they believe to be appropriate to address the failure.  This argument is therefore not fully developed.  *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (explaining that Courts only address well developed arguments)

   Nonetheless, it appears that CCSD has violated Rule 26(a)(1)(C), which provides that a party must make initial disclosures by either fourteen days after the parties' Rule 26(f) conference or by a time set through stipulation or court order.  Rule 37(c)(1) is the rule governing this violation.  It provides that, if a party fails to provide its initial disclosures as required by Rule

26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "In addition to or instead of this sanction," the Court may also order payment of reasonable expenses and fees caused by the failure, inform the jury of the failure, or impose other appropriate sanctions outlined in Rule 37(b)(2)(A)(i)-(vi).

However, Plaintiffs have identified no concrete[1] harm arising out of the fact that CCSD was almost two weeks late in providing its initial disclosures. Without more, the Court finds that CCSD's violation of Rule 26(a) was harmless under Rule 37(c)(1) and declines to issue any of the sanctions outlined in Rule 37(c)(1) or Rule 37(b)(2)(A)(i)-(vi) to address it. The Court therefore denies Plaintiffs' motion to the extent it requests that the Court impose sanctions related to CCSD's late initial disclosures.

2.    CCSD's deficient initial and supplemental disclosures.

Plaintiffs assert that CCSD's initial disclosures were "facially deficient," and that CCSD's supplemental disclosures were also "materially deficient." (ECF No. 111 at 6). Plaintiffs do not explain how or why CCSD's initial and supplemental disclosures were deficient. They also again fail to identify the rule that CCSD violated, the rule governing their sanction request related to CCSD's deficient initial and supplemental disclosures, or what sanctions they believe to be appropriate to address the deficiencies. This issue is therefore not fully developed. *See Kor Media Grp*, 294 F.R.D. at 582 n.3.

Without more, even if the Court were to consider the issue under the appropriate rules—Rule 26(a) and (e) and Rule 37(c)(1)—the Court cannot conduct an adequate analysis. The Court therefore denies Plaintiffs' motion to the extent it requests that the Court impose sanctions related to CCSD's deficient initial and supplemental disclosures.

---

[1] Plaintiffs do refer generally to the harm that any delay in this litigation causes given the alleged ongoing failures of CCSD to provide appropriate education to its students. While the Court recognizes the importance of the issues alleged in this litigation, it cannot find that a delay of resolution on the merits in this case is, alone, a sufficiently concrete harm to warrant the extreme sanctions Plaintiffs seek.

3.   CCSD's failure to respond to Plaintiffs' March 7, 2025, requests for production.

Plaintiffs argue that CCSD has "failed to produce documents in response to document requests that it has possessed since March 7, 2025…" (ECF No. 111 at 7).  Plaintiffs claim that CCSD waited until August 1, 2025, to ask Plaintiffs to provide "search terms for electronic discovery," presumably in aid of CCSD's responses to some or all of the requests for production at issue.  (*Id.*).  In a series of exchanges spanning August 1, 2025, until September 30, 2025, which exchanges the Court will not detail here,  Plaintiffs claim that they worked diligently with CCSD to narrow the search terms and universe of documents.  (*Id.* at 7-9).  Plaintiffs assert that CCSD delayed the process, misrepresented its capabilities in searching and gathering the documents, and ultimately provided a spreadsheet of search term "hits" that was unhelpful to determining which documents might be responsive to Plaintiffs' requests for production.  (*Id.*).

As before, Plaintiffs fail to identify the rule that CCSD violated, the rule governing their sanction request related to CCSD's failures to respond to requests for production, or what sanctions they believe to be appropriate to address those failures.  Without this information, the Court cannot conduct a sanction, or even a motion to compel, analysis.

First, it does not appear from Plaintiffs' motion that they have previously moved to compel CCSD to provide the documents at issue.  This information is critical to the Court's analysis because a motion to compel is a prerequisite to the Court considering and imposing sanctions under Rule 37(a)(5) or 37(b)(2).

Second, even if the Court considered CCSD to have spoliated the responsive documents, as Plaintiffs ask it to do,[2] Plaintiffs do not provide sufficient information for the Court to conduct a spoliation analysis.  As a preliminary matter, Plaintiffs do not indicate whether they are seeking spoliation sanctions under either the Court's inherent authority or Rule 37(e).  While the Court has inherent discretionary power to sanction abusive litigation conduct, *see Leon v. IDX Sys.*

---

[2] Plaintiffs provide no authority for their proposition that the Court can consider CCSD to have spoliated evidence simply because it has not produced it.

*Corp.*, 464 F.3d 951, 959 (9th Cir. 2006), the 2015 Amendment to Federal Rule of Civil Procedure 37(e) forecloses the Court's ability to impose sanctions for destruction of electronically stored information based on the Court's inherent authority, *see* Fed. R. Civ. P. 37(e), Advisory Committee Notes (2015) and *Gregory v. State of Montana*, 118 F.4th 1069, 1080 (9th Cir. 2024). Plaintiffs' failure to address this distinction is fatal to their request for spoliation sanctions because both the sanctions that the Court may impose and the analysis the Court must conduct to impose those sanctions vary depending on whether the Court is employing its inherent authority or Rule 37(e).  *Compare Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991) (explaining that a Court's inherent authority to sanction "extends to a full range of litigation abuses" and includes a wide range of sanctions) *with Gregory*, 118 F.4th at 1078-79 (explaining that the Court must make specified findings before imposing a sanction and providing specific forms of sanctions dependent on the intent of the spoliating party) *and* Fed. R. Civ. P. 37(e).

Third, even if the Court construed Plaintiffs' motion as one to compel the documents at issue (Plaintiffs request this relief in the alternative), Plaintiffs do not provide the Court sufficient information to analyze their request.  Plaintiffs do not "set forth in full the text of the discovery originally sought and any response to it," as required by Local Rule 26-6.  So, the Court cannot determine if CCSD failed to respond to an entire set of requests for production, failed to respond to individual requests, or provided incomplete or evasive responses.  It is therefore impossible for the Court to determine if CCSD has failed to produce documents under Rule 37(a)(3)(B)(iv) or has provided evasive or incomplete responses under Rule 37(a)(4).  The Court therefore denies Plaintiffs' motion to the extent it requests that the Court impose sanctions related to CCSD's responses to Plaintiffs' requests for production and denies Plaintiffs' motion to the extent it asks the Court to compel these responses.

    4.    <u>CCSD's failure to produce Daniel Ebihara at Plaintiffs' May 29, 2025, deposition.</u>

Plaintiffs assert that, after CCSD identified Daniel Ebihara as the individual who helped CCSD respond to Plaintiff's interrogatories, Plaintiffs attempted to get CCSD to provide them with dates for Ebihara's deposition.  (ECF No. 111 at 6).  But CCSD did not provide those dates,

and so, Plaintiffs unilaterally noticed Ebihara's deposition for May 29, 2025. (*Id.*). When CCSD did not respond to the notice, Plaintiffs' counsel flew to Las Vegas to conduct the deposition. (*Id.*). However, the day before the deposition, CCSD's counsel asserted that they did not represent Ebihara and that Ebihara would not be appearing for the noticed deposition. (*Id.*).

Plaintiffs have already moved to compel Ebihara's deposition (which motion the Court granted) and for sanctions related to Ebihara's failure to appear at the May 29, 2025, noticed deposition date (which motion the Court denied). (ECF No. 92). The Court will not revisit Plaintiffs' request for sanctions related to this deposition.

### 5. CCSD's failure to produce "specifically identified documents."

Plaintiffs argue that, in late August of 2025, CCSD "promised to produce specifically-identified documents within 24-48 hours of request." (ECF No. 111 at 10). Plaintiffs assert that CCSD has failed to keep this promise and produce requested documents, even after Plaintiffs "identif[ied] the requests for production to which the specifically identified documents were responsive," as requested by CCSD. (*Id.*).

However, as before, Plaintiffs fail to identify the rule that CCSD violated, the rule governing their sanction request related to CCSD's failure to produce the "specifically identified documents" at issue, or what sanctions they believe appropriate to address this failure. And, as before, without this information, the Court cannot conduct a sanction or a motion to compel analysis.

First, Plaintiffs do not claim to have previously moved to compel CCSD to provide the documents at issue, preventing the Court from considering and imposing sanctions under Rule 37(a)(5) or 37(b)(2). Second, even if the Court considered CCSD to have spoliated the responsive documents, Plaintiffs do not provide sufficient information for the Court to conduct a spoliation analysis. Third, even if the Court considered the motion as one to compel the documents at issue, Plaintiffs do not provide sufficient information for the Court to analyze their request because they do not "set forth in full the text of the discovery originally sought and any response to it," as required by Local Rule 26-6. The Court therefore denies Plaintiffs' motion to the extent it requests that the Court impose sanctions related to CCSD's failure to produce

"specifically identified documents" and denies Plaintiffs' motion to the extent it asks the Court to compel these responses.

6.    CCSD's failure to attend a Rule 30(b)(6) deposition noticed for October 7, 2025.

Plaintiffs also argue that on September 30, 2025, after not receiving responses from CCSD's counsel regarding scheduling CCSD's Rule 30(b)(6) witness depositions, Plaintiffs served a deposition notice on CCSD for depositions on October 7, 8, 9, 10, 13, 14, and 15. (ECF No. 111 at 10). Still having not heard back from CCSD's counsel on the issue, Plaintiffs' counsel flew out to Las Vegas. (*Id.* at 11). On October 6, 2025, CCSD's counsel explained that she did not believe that the Rule 30(b)(6) depositions that Plaintiffs had noticed would be taking place but that she would know more on October 7th. (*Id.*). CCSD's counsel did not contact Plaintiffs' counsel on October 7th and Plaintiffs' counsel incurred charges for the court reporter on October 7th and for traveling to Las Vegas only to learn that the depositions would not move forward. (ECF No. 111-1 at 14). CCSD did not address the October 7th deposition or the depositions noticed for October 8, 9, 10, 13, 14, and 15 in response. (ECF No. 128). Plaintiffs point this out in reply. (ECF No. 129 at 11-12).

Although Plaintiffs do not identify the rule that CCSD violated or the rule governing their sanction request, they do identify the monetary sanctions they believe appropriate to address CCSD's failure to produce a 30(b)(6) witness for the noticed October 7, 2026, deposition. Plaintiffs assert that they provided notice of the deposition as required under Rule 30(b)(1) to take place on October 7, 2026. While CCSD disputed that fact at a hearing,[3] CCSD has not addressed it as raised in Plaintiffs' motion for sanctions. And Plaintiffs assert—and CCSD does not dispute—that CCSD's Rule 30(b)(6) witness failed to attend the deposition, warranting sanctions under Rule 37(d)(1)(A)(i). Rule 37(d)(3) outlines the sanctions available to address a party failing to attend its deposition, which sanctions include requiring the party or the attorney

---

[3] The Court held a hearing on a separate issue on October 6, 2026, and at that hearing, counsel for CCSD represented that she had never received the notices of deposition for October 7, 8, 9, 10, 13, 14, and 15. (ECF No. 113 at 25-27).

advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.  CCSD has offered no reason—other than its counsel's brief statement during the October 6, 2025, hearing that CCSD did not receive the notices—why the failure was substantially justified or an award of expenses would be unjust.  And given Plaintiffs' explanation that their counsel emailed, called, and texted CCSD's counsel multiple times regarding the depositions, the Court does not find CCSD's counsel's statement at the October 6, 2025, hearing to demonstrate substantial justification.

The Court will therefore grant Plaintiffs' motion for sanctions as it relates to the October 7, 2025, deposition.  The Court will further order the parties to meet and confer and attempt to stipulate to the amount of these monetary sanctions.  If the parties cannot agree, Plaintiffs may move for the Court to set the amount of these sanctions.

### B.      Plaintiffs' motion to extend.

Plaintiffs' move to extend the joint pretrial order deadline to April 30, 2026,  (ECF No. 132).  The parties previously stipulated to extend this deadline, which stipulation the parties filed on the joint pretrial order deadline of December 15, 2025. (ECF No. 130).  However, the Court denied that stipulation because it also sought to extend discovery and the dispositive motions deadline, both of which deadlines had already passed, without showing excusable neglect.  (ECF No. 131).  Plaintiffs explain that they attempted to stipulate with the Defendants regarding a renewed request to extend, but that they could not obtain agreement from Defendants in a timely fashion.  Plaintiffs also assert that their requested extension is necessary so that they could obtain a ruling on their motion for sanctions.  The Court finds that Plaintiffs have shown good cause and excusable neglect to extend the joint pretrial order deadline.  *See* Fed. R. Civ. P. 16(b); *see* LR 26-3.  And no party has responded to the motion, constituting their consent to the Court granting it.  *See* LR 7-2(d).  Given the fast-approaching deadline proposed by Plaintiffs, the Court will further *sua sponte* extend the joint pretrial order deadline by thirty days from the date of this order.

///

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for sanctions (ECF No. 111) is **granted in part and denied in part**.  It is granted in part regarding Plaintiffs' request for sanctions related to CCSD's failure to produce a Rule 30(b)(6) witness at the deposition noticed for October 7, 2025.  CCSD and Plaintiffs must meet and confer and attempt to stipulate to the amount of these monetary sanctions.  If the parties cannot agree, Plaintiffs may move for the Court to set the amount of these sanctions.  Plaintiffs' motion for sanctions is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to extend the joint pretrial order deadline (ECF No. 132) is **granted.**  The Court will, however, *sua sponte* extend the joint pretrial order deadline to **May 18, 2026.**

DATED: April 17, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE