David R. Mishook*
CA SBN 273555
NY SBN 5026810
WA SBN 63171
dmishook@f3law.com
Shiva E. Stein*
CA SBN 215012
sstein@f3law.com
Katherine Yoshida*
CA SBN 351546
kyoshida@f3law.com
FAGEN FRIEDMAN & FULFROST, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Telephone: 323.330.6300
Facsimile: 323.330.6311

* *Admitted pro hac vice*

Attorneys for CLARK COUNTY CITY
SCHOOLS

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| C.W., et al.,<br><br>  Plaintiff,<br><br>  vs.<br><br>NEVADA DEPARTMENT OF EDUCATION, et al.,<br><br>  Defendant. | CASE NO. 2:24-cv-01800-GMN-DJA<br><br>**CCSD'S RESPONSE TO OBJECTION TO MAGISTRATE JUDGE ORDER**<br><br>The Hon. Gloria J. Novarro<br><br>Trial Date:     None Set |

Defendant Clark County School District ("CCSD") hereby responds to and opposes Plaintiffs' objection to Magistrate Judge Daniel J. Albregts' April 17, 2026 Order granting in part and denying in part Plaintiffs' Motion for Sanctions. ECF No. 149.

/ / /

/ / /

/ / /

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

**Fagen Friedman & Fulfrost, LLP**
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................... 4

II.     ARGUMENT ............................................................................................................. 4

    A.    Plaintiffs Misrepresent the Procedural and Factual History of Discovery in this Matter. .... 4

    B.    Plaintiffs Did Not Provide Evidence of Bad Faith Conduct. ............................................... 8

    C.    Plaintiffs Provide No Legal Support For Their Sanctions Demand. .................................. 10

    D.    Plaintiffs Are Not Entitled to Alternative Relief. ............................................................... 14

III.    CONCLUSION ........................................................................................................ 15

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

**Fagen Friedman & Fulfrost, LLP**
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armorock, LLC v. Arthur J. Gallagher & Co.*,
   No. 2:25-CV-00553-GMN-EJY, 2026 WL 701556 (D. Nev. Mar. 11, 2026)............................ 12

*Webster v. Psychiatric Med. Care, LLC*,
   386 F. Supp. 3d 1358 (D. Mont. 2019) ............................................................................ 12, 13

*Zeiter v. Walmart Inc.*,
   No. 2:21-CV-00061-APG-DJA, 2024 WL 3028259 (D. Nev. June 17, 2024)...................... 12, 13

**Rules**

Fed. R. Civ. Pro. 37 .................................................................................................... 10, 11, 15

## I.    INTRODUCTION

In their October 9, 2025, Motion for Sanctions, Plaintiffs sought an order from this Court prohibiting CCSD from presenting any defenses in this matter as a result of what Plaintiffs characterize as a history of discovery abuse. ECF No. 111. After careful consideration of Plaintiffs' arguments, Judge Albregts denied Plaintiffs' request for their most extreme sanction—explaining in detail that Plaintiffs had failed to provide the Court with sufficient factual and, more critically, sufficient legal basis for the Court to grant their request. ECF No. 149.

Plaintiffs object to Judge Albregts Order, urging that Judge Albregts mischaracterizes the procedural and factual history of the discovery disputes between Plaintiffs and CCSD and further arguing that Judge Albregts misstates the applicable legal standard resulting in an abuse of discretion. ECF No. 150; ECF No. 151.

It is Plaintiffs, however, who mislead this Court through misrepresentations of the procedural and factual history of this case and the communications by and between the Parties. In so doing, Plaintiffs seek to enforce sanctions that are unavailable under both this Court's Local Rules and the Federal Rules of Civil Procedure. Plaintiffs have provided no justification why Judge Albregts' Order should be disturbed and this Court should adopt Judge Albregts' Order in full.

## II.    ARGUMENT

### A.    <u>Plaintiffs Misrepresent the Procedural and Factual History of Discovery in this Matter.</u>

Plaintiffs, after filing their Objection, filed an Errata with this Court correcting three lines of their Objection. ECF No. 151. This was not a mere typographical correction. In their Opposition, Plaintiffs insisted that on July 30, 2025, Judge Albregts had granted a motion to compel CCSD to produce documents pursuant to Plaintiffs' request for production of documents ("RFPD") and that CCSD had willfully failed to do so. ECF No. 92. This was not true. Rather, as Plaintiffs now correctly state, Judge Albregts *denied* their motion to compel and instead required the Parties to engage in further meet and confer. ECF No. 112 at 33:13-20 (per ECF No. 92, the hearing transcript became the Order of the Court).

This material misrepresentation about Judge Albregts' July 30 Order is not the only

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

4    Case No. 2:24-cv-01800-GMN-DJA

misrepresentation made in Plaintiffs' Objections. Plaintiffs' factual and procedural assertions in the Objection are directly contradicted by the filings in this case and Plaintiffs' own exhibits in support of their Motion for Sanctions, which is evident in carefully examining the timeline.

On March 25, 2025, after the appearances of the Parties in this litigation, the Parties submitted a joint proposed discovery plan to this Court setting a fact discovery cutoff date of September 15, 2025. ECF No. 72. This followed a dispute between the Parties as to how discovery should proceed in the case—especially over the amount of time the Parties believed should be spent on fact discovery. *See, e.g.,* ECF No. 57 at 14 (Plaintiffs' unilateral discovery plan, filed February 18, 2025, seeking discovery cutoff of April 7, 2025 which was 180 days after CCSD's first appearance); ECF No. 62 (explaining CCSD position that fact discovery would take at least one year).

Even prior to this Court approving the Parties' joint proposed discovery plan, on March 7, 2025, Plaintiffs served their RFPD on CCSD. Pursuant to an agreement between Plaintiffs and CCSD, CCSD provided its response to the RFPD on May 7, 2025. ECF No. 75-1 at 43-53. Prior to doing so, CCSD had served initial disclosures to Plaintiffs by mail on March 26, 2025. ECF 111-1 at 33-8 (including proof of service by mail). After Plaintiffs informed CCSD that the initial disclosures had not been received, they were shared again by email on April 7, 2025. ECF No. 111-1 at 27-8. Then, concurrently with serving its responses to the RFPD, CCSD provided its First Supplemental Disclosures to Plaintiffs. ECF No. 75-1 at 26-32 (disclosing 8,333 pages of additional documents after initial production of 185 documents).

On June 10, 2025, Plaintiffs filed a motion to compel—challenging CCSD's responses and objections to their RFPD and separately served Interrogatories, and seeking to compel the deposition of Daniel Ebihara. ECF No. 75. On July 30, 2025, Judge Albregts held a hearing on Plaintiffs' motion. In that hearing, *and contrary to Plaintiffs' assertion in their objection*, CCSD's prior counsel, Jacqueline Nichols, discussed CCSD's document production, stating that CCSD had produced "thousands of documents" through disclosures and stating that Ms. Nichols would like to "further meet and confer" with Plaintiffs' counsel so that she could "redesignate the documents that have since been produced in relation to RFPs[.]" ECF No. 112 at 9:22-10:1. Ms. Nichols, at no time

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

during the July 30 hearing, promised to produce specific documents as claimed in Plaintiffs' Objection. *See* ECF No. 150 at 14:25-15:1. Judge Albregts ultimately granted Plaintiffs' motion to compel *only* for the deposition of Mr. Ebihara and denied the motion to compel either further production or further written discovery responses. ECF No. 112 at 33:13-20. Judge Albregts directed the Parties to otherwise meet and confer on written discovery. *Id.*

On August 1, 2025, in full compliance with Judge Albregts' directions, the Parties met and conferred on written production, focusing on the production of CCSD staff emails. ECF No. 111-1 at ¶ 31-2. Eleven days later, on August 12, 2025, Plaintiffs provided CCSD with 111 proposed search terms to be ran against the entirety of CCSD's staff email system. ECF No. 111-1 at 71-6. These proposed search terms words and phrases such as "Referral," "Speech," "Procedural Safeguards," "Emotion," "Modify," and even "Disability." *Id.* This search resulted in an unreasonably large number of search term hits. ECF No. 127 at 3, ¶¶ 12-21 (explaining CCSD's attempts to run the searches and the "millions and billions"[1] of hits that resulted).

On August 28, 2025, pursuant to CCSD's request, Plaintiffs additionally sent CCSD a list of five "specific" categories of documents that were being requested "in addition to the aforementioned documents." ECF No. 111-1 at 115 (note that the "aforementioned" documents are undefined). This list, according to a September 24 follow-up email from Plaintiffs to Ms. Nichols, was in response to Ms. Nichols' general alleged statement that she could "likely" provide specific documents within 24-48 hours. ECF No. 111-1 at 114. Ms. Nichols responded on September 30 (in a separate email chain) that she could not see how the documents requested pertained to specific RFPD requests. ECF No. 111-1 at 94. Plaintiffs responded the same day linking each category of documents to multiple RFPD requests, without any specific explanation. ECF No. 111-1 at 117 (connecting, for example, the Student Services Division "Master Calendar" for each year retroactive to 2020 to RFP 12(k) asking for documents related to training provided to staff regarding positive behavioral strategies, supports, and interventions (*see* ECF No. 129-1 at 13)).

---

[1] While not part of the record provided by Plaintiffs, the undersigned will represent that on September 4, 2025, CCSD provided Plaintiffs with a spreadsheet of the search term hits showing a resulting hit count of 4.1 billion.

**Fagen Friedman & Fulfrost, LLP**
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

It is here that Plaintiffs omit a critical detail. On September 2, 2025, pursuant to its affirmative obligations under Rule 26, CCSD served Plaintiffs with a Third Supplemental Disclosure. ECF No. 111-1 at 99-112. Through this disclosure, CCSD produced 23,000 pages of documents it had identified as relevant to Plaintiffs' claims, making its total voluntary production of documents over 33,000 pages since its first disclosures in March 2025. *Id.*

In their communications with CCSD, Plaintiffs continued to focus on the production of emails. On September 7, 2025, Plaintiffs asked CCSD to run the 111 search terms against CCSD's disclosed 30(b)(6) designees. ECF No. 111-1 at 78-9. The Parties then requested, on September 11, 2025, that the fact discovery deadline be extended from September 15 to October 15. ECF No. 103. Subsequently, CCSD requested that Plaintiffs limit those search terms to ten and, after Plaintiffs did so on September 26, CCSD disclosed on September 30 that the ten search terms ran against a more limited group of administrators that still yielded 2.5 million hits. ECF No. 111-1 at 93-7 (Plaintiffs claim that CCSD stated it would file a motion to shift discovery costs "but never did." ECF No. 150 at 12:12-15. CCSD included a request to shift costs in its Opposition to the Motion for Sanctions. ECF No. 128 at 12-4.)

With regards to the 30(b)(6) depositions, on August 8, 2025, Plaintiffs (for the first time) notice the depositions of CCSD's 30(b)(6) designees to take place on August 21, 2025. ECF No. 111-1 at 138-54. Plaintiffs allege that Ms. Nichols promised to schedule depositions for the week of September 29 and, allegedly not hearing anything, issued a supplemental 30(b)(6) notice on September 30, 2025, scheduling 30(b)(6) depositions for October 7-10 and 13-15. ECF No. 111-1 at 117-36. On October 6, the Parties engaged in a hearing with Judge Albregts regarding an unrelated motion for protective order at which Ms. Nichols explained that she did not confirm the depositions and was diligently attempting to coordinate 14 30(b)(6) witnesses. ECF No. 113 at 25:8-27:12. That evening, Ms. Nichols stated that depositions would not begin the next day and again confirmed that deponents were still being scheduled. ECF 111-1 at 163-64.

Plaintiffs filed their Motion for Sanctions three days later, on October 9, 2025. Plaintiffs provided no evidence of further meet and confer efforts after October 6.

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

**B.** **Plaintiffs Did Not Provide Evidence of Bad Faith Conduct.**

With this history set forth, this Court can engage in a more critical reading of Plaintiffs' arguments that CCSD has engaged in "bad faith" conduct. Focusing on its response to the RFPD, CCSD provided a legally compliant response to the RFPD on May 7, 2025, raising both substantive responses to the RFPDs but also objections. (*See* ECF No. 76-1 at 34-41.) Plaintiffs urge that CCSD's RFPD response was evasive and improper, however Plaintiffs previously raised this argument in their June 10, 2025, Motion to Compel. Plaintiffs' motion to compel with regards to CCSD's written discovery responses and production of documents was ultimately *denied* by Judge Albregts on July 30. Thus, quite apart from Plaintiffs' assertions that CCSD violated directions from this Court on the production of documents (assertions that remain even after corrections made in the Errata), CCSD was under no specific Court Order compelling it to take specific action.

Regardless, Plaintiffs wish for this Court to conclude that CCSD "did not undertake a collection and review of its electronic data [and] . . . did not undertake to perform, much less purport to have performed, a full production of documents." ECF No. 150 at 3:4-9. *See, also,* ECF No. 150 at 16:6-8 ("Quite simply, the record demonstrates, without a specific request-by-request analysis, that CCSD did not even collect and review its electronic discovery, much less purport to make a full production."); ECF No. 150 at 16:21-2 ("CCSD did not even conduct a proper collection, review and production of electronic documents.") These conclusory statements—without specific examples tied to the issues in this case and related discovery requests—is belied by the over 33,000 pages of documents CCSD voluntarily produced pursuant to its disclosure obligations. Quite apart from failing to review electronic data or produce relevant evidence, the mere page count of documents voluntarily produced by CCSD is *prima facie* evidence of CCSD's efforts to meet its obligations *despite* its separate objections to Plaintiffs' RFPDs.

Plaintiffs additionally attempt to claim delay in CCSD's attempts to meet and confer on document discovery by alleging that CCSD "waited" five months to August 1, 2025, to request search terms of emails. ECF No. 150 at 11:7-9. Plaintiffs do not plead their own meet and confer efforts prior to that date. Regardless, CCSD's counsel met with Plaintiffs on August 1 precisely because Judge Albregts directed the Parties to do so.

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

Plaintiffs may express frustration at CCSD's positions in subsequent meet and confer efforts between August 1 and October 9, 2025. However, Plaintiffs' frustrations are not proof that CCSD's positions were bad faith. In that time, CCSD requested and received proposed search terms to run a search against CCSD's entire email system. Plaintiffs' proposed terms, many of which are excessively broad in the context of a school system and the day-to-day issues faced by any institution serving children (e.g., "Modify"), were never reasonable in narrowing document production that Plaintiffs insisted occur by September 15, 2025, or even October 15, 2025. As is evident in the exhibits, as explained above, even limiting those search terms from 111 to 10 and then running those search terms not against the entirety of CCSD but only the 30(b)(6) designees still yielded several million hits. Rather than CCSD's lack of effort in producing documents or bad faith in meeting and conferring, Plaintiffs' own inability to make reasonably targeted requests delayed any reasonable response to production requests.

Of course—and it cannot be overstressed—on September 3, 2025, CCSD produced 23,000 pages of documents to Plaintiffs. Plaintiffs ignore this production and the documents contained therein and focus instead on emails as well as five "specific" document requests Plaintiffs provided to CCSD on August 28, 2025. ECF No. 111-1 at 115 (note that these allegedly specific document requests are categories of documents and were made two weeks prior to the original fact discovery deadline). Even here, while Plaintiffs allege that Ms. Nichols "did not respond" to the five categories of documents and later "promised to produce all the requested documents," Plaintiffs misrepresent Ms. Nichols position. ECF No. 150 at 10:11-6. Rather, in a September 30 email to Plaintiffs attached to Plaintiffs' motion, Ms. Nichols disagreed with Plaintiffs' statement that Ms. Nichols had promised to produce documents by September 22. ECF No. 111-1 at 93-4. Ms. Nichols objected to the allegation she had failed to meet and confer with Plaintiffs as, she explained, the Parties spoke daily during three prior weeks of depositions regarding discovery. ECF No. 111-1 at 94. Ms. Nichols, in fact, reminded Plaintiffs' counsel that the alleged "promise" to produce documents by September 22 was understood by the Parties to be for the purpose of a stipulation to the Court and that CCSD could never reasonably meet that deadline due to, at the very least, the need to review any documents for privilege prior to production. *Id.*

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

With regards to the 30(b)(6) depositions, Plaintiffs first noticed those depositions on August 8, 2025, when the deadline for fact discovery was a little over a month later. Plaintiffs listed 28 topics for deposition, as well as 15 more "specific" topics which Plaintiffs alleged may, or may not, be covered by the first 28 topics. ECF No. 111-1 at 128-134. For these 28-33 topics, CCSD identified 14 deponents and listed those deponents in its September 4, 2025, Third Supplemental Disclosures. ECF No. 111-1 at 102. Even with the subsequent 30-day extension of fact discovery cutoff, only 40 days remained prior to discovery cutoff to depose 14 witnesses on 28-33 topics. Judge Albregts held that Ms. Nichols' lack of communication prior to October 6 regarding the scheduling of 30(b)(6) depositions resulted in Plaintiffs incurring costs and ordered sanctions related to those costs—a holding to which CCSD does not object. However, as stated, Plaintiffs' Motion for Sanctions includes no factual argument that CCSD obstructed Plaintiffs' ability to take 30(b)(6) depositions prior to the October 15 deadline.

### C.    Plaintiffs Provide No Legal Support for Their Sanctions Demand.

Plaintiffs allege that their demand for sanctions is based on Federal Rules of Civil Procedure 37 as well as the Court's "inherent authority," and also alleges that Judge Albregts abused his discretion by not applying Rule 37 appropriately to their request. Plaintiffs, again, generally allege that CCSD engaged in discovery misconduct, focusing their complaints on alleged delays starting in March 2025—including raising issues such as CCSD's relief from default on filing an Answer to the First Amended Complaint that Plaintiffs did not oppose. ECF No. 150 at 12:16-22. *But, see*, ECF 121. However, as Judge Albregts explains in detail, Plaintiffs failed to follow this District's Local Rules on discovery disputes and, as a result, filed a defective Motion for Sanctions.

Plaintiffs' Motion for Sanctions focuses heavily on CCSD's alleged inappropriate RFPD responses and alleged failure to produce documents pursuant to that RFPD. Plaintiffs are aware of, and have availed themselves of, this Court's process for bringing motions to compel discovery responses. Local Rule 26-6 requires that a motion to compel discovery must set forth the full text of the discovery originally sought and any response to it and set forth the good faith effort the party had engaged in to meet and confer prior to filing the motion. Here, on June 10, Plaintiffs filed a motion to compel RFPD responses. ECF No. 75. That motion to compel was denied. ECF No. 112.

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

Plaintiffs thereafter never reraised the RFPDs, CCSD's written responses and objections to the RFPDs, or CCSD's document production in a Rule 26-6 compliant motion.

This last fact is critical. Rule 37 contains two provisions authorizing a court to issue discovery sanctions. Rule 37(a)(1) permits litigants to file noticed motion for orders compelling disclosure of discovery, the types of which are further elaborated in Rule 37(a)(3). Rule 37(a)(5) provides for sanctions in the form of payment of expenses only if a motion to compel is granted or if disclosure is prompted by the filing of the motion. Rule 37(b), cited repeatedly by Plaintiffs, is entitled "Failure to Comply with a Court Order." Rule 37(b)(2)(A) authorizes sanctions—including Plaintiffs requested sanction prohibiting CCSD from presenting defenses—only if a litigant "fails to obey an order to provide or permit discovery."

Plaintiffs Motion for Sanctions does not properly raise any failure of CCSD to respond to written discovery, and so is not supported by Rule 37(a)(5). This Court has never ordered CCSD to provide or permit written discovery and, again, denied Plaintiffs' only motion for such an order, meaning that Plaintiffs' Motion cannot rely on Rule 37(b)(2)(A). Plaintiffs complain that Judge Albregts wrote in his Order that Plaintiffs provided no legal grounds for sanctions as they had not previously moved to compel CCSD to provide the documents at issue, and state this is proof that Judge Albregts abused his discretion. ECF No. 150 at 14:16-21. In light of the above and Judge Albregts' consideration of Rule 37, it is evident that Judge Albregts statement should read that Plaintiffs had not previously moved to compel CCSD to provide the documents at issue *and obtained an order for CCSD to do so*.

Plaintiffs must first bring a motion to compel, prevail on a motion to compel, and prove CCSD's failure to comply with an order to compel to be entitled to any sanction under Rule 37. It is not enough to simply declare that CCSD has failed to comply with, or inappropriately objected to, unstated and unenumerated discovery demands, and it is certainly improper to require this Court to review past filings in order prosecute Plaintiffs case on their behalf. *See* ECF No. 150 at 16:13-6 ("To the extent that the Court below treats the references to docket entries in this very case as not part of the record on the motion, such a form-over-substance argument was a grave dereliction of the court's duty to the 40,000 special education students and their families who make up the

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

proposed class of plaintiffs in this case, and is manifestly unjust." *Citing*, *Armorock, LLC v. Arthur J. Gallagher & Co.*, No. 2:25-CV-00553-GMN-EJY, 2026 WL 701556, at *2 (D. Nev. Mar. 11, 2026) (explaining unrelated 12(b)(6) standard for considering case filings)).

Plaintiffs' appeal to the "inherent power" of this Court is similarly without merit. The two cases cited by Plaintiffs addressed the purposeful destruction of critical evidence by defendants after having obtained notice of the plaintiff's claims. In *Zeiter v. Walmart Inc.*, No. 2:21-CV-00061-APG-DJA, 2024 WL 3028259, at *2 (D. Nev. June 17, 2024), *on reconsideration in part,* No. 2:21-CV-00061-ART-DJA, 2026 WL 892518 (D. Nev. Mar. 31, 2026), the court precluded the defendant from disputing that it had notice of and failed to remedy a hazardous condition existing at one of its stores causing injury to the plaintiff. The court did so after an evidentiary hearing establishing that the defendant had failed to preserve a video that might have shown the injury and defied "multiple court orders" compelling the defendant to turn over documents and witnesses. *Id.* Similarly, in *Webster v. Psychiatric Med. Care, LLC*, 386 F. Supp. 3d 1358, 1367–68 (D. Mont. 2019), the District of Montana held that the defendant had acted dishonestly when it responded to a specific request for the plaintiffs employment documents by stating that it was not aware of any responsive documents when the defendant was aware that those documents had once existed by had been destroyed. This, the court held, was a willfully dishonest act that appeared to have been an attempt to cover up spoliation and ruled that, as a remedy, the plaintiff was entitled to an instruction authorizing the jury to infer that the destroyed documents showed that plaintiff's performance had been satisfactory prior to her termination.. *Id.* at 1369.

No similar proof of bad faith exists here. Plaintiffs concede that CCSD has no engaged in spoliation of evidence. ECF No. 150 at 23:22-3. However, in order to fit within the only legal authority presented, Plaintiffs ask this Court to treat CCSD's alleged failure to produce documents as "tantamount to spoliation." ECF No. 150 at 21:22. Plaintiffs, however, provide no legal support for doing so.

Further, as Judge Albregts rightly states, Plaintiffs provide the Court with insufficient information to perform a spoliation analysis. ECF No. 149 at 4-5. The sanctions imposed both by the *Zeiter* and the *Webster* courts directly factually connected the destroyed evidence with the

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

factual issue at trial. Thus, for example, the destruction of videos and withholding of witness names in *Zeiter* led to a specific order prohibiting the defendant from raising defenses with regards to notice of the hazardous condition. That order did not prohibit the defendant, however, from presenting *any* defense at trial. And, so, while the defendant could not contest breach, the defendant could still raise defenses as to damages. In *Webster*, spoliation led to a jury instruction that "authorized" the jury to make certain negative inferences against the defendant. However, that sanction did not deprive the defendant of attempting to overcome that inference and prove the plaintiff's unsatisfactory performance in another manner.

Here, CCSD has produced over 33,000 pages of documents CCSD has identified as relevant to Plaintiffs' claims. Plaintiffs do not acknowledge those productions, let alone identify specific deficiencies in those productions. Plaintiffs' first amended complaint challenges every aspect of the delivery of special education services in CCSD—alleging the absence of policies and procedures to: (1) ensure that students receive a free appropriate public education in the least restrictive environment; (2) ensure that CCSD locates and identifies all children with disabilities; (3) ensure that all individual educational programs ("IEP") are developed and reviewed in accordance with the Individuals with Disabilities Education Act; (4) ensure that IEPs for students with learning disabilities and autism include a statement of special education and related services that are based on peer-reviewed research; (5) ensure that all students are educated in the least restrictive environment; (6) address behavior and prevent the unlawful exclusion of students with disabilities; and (7) ensure that students with disabilities receive appropriate transition services.

Plaintiffs demand that this Court prohibit CCSD from mounting any defenses fails to connect specific discovery requests and the alleged absence of specific evidence to any one of the seven issues set forth above. Plaintiffs do not, and cannot, allege that CCSD failed to produce documents in response to an order of this Court—which should be the end of any analysis on sanctions. However, Plaintiffs also do not specifically describe what CCSD *has* produced in its 33,000 pages and what documents Plaintiffs allege are *missing* from that production. Indeed, CCSD's Third Supplemental Disclosures described multiple folders of material that are facially relevant to all of Plaintiffs claims. *See* ECF No. 111-1 at 110 (23,000 pages of documents in eight folders with titles

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

such as "MTSS (Dyslexia)," "Improve Achievement," and "Strengthen SPED compliance, fiscal and accountability").

To represent to this Court that CCSD has failed to provide Plaintiffs with any relevant documents is, at best, misleading and, at worst, wholly dishonest. *See* ECF No. 150 at 20:18-9 ("CCSD failed to respond to requests for relevant information.") For these reasons, Judge Albregts' decision should be adopted in full by this Court and Plaintiffs' requests for sanctions must be denied.

### D.    Plaintiffs Are Not Entitled to Alternative Relief.

In the alternative to depriving CCSD any ability to defend itself against Plaintiffs' claims for injunctive relief (which include a request that this Court appoint a monitor to oversee CCSD's entire special education program), Plaintiffs ask for this Court to order "CCSD to make a full and complete discovery production within fifteen days" and to allow an additional 60 day period for Plaintiffs to review documents and complete depositions. ECF No. 150 at 24:12-7. As with their request for sanctions, Plaintiffs provide no appropriate support for these requests.

Plaintiffs' request for an order for "full" and "complete" production of documents highlights, again, the procedural deficiencies in their Motion for Sanctions. Focusing the vast majority of that motion on attempting to obtain sanctions, Plaintiffs fail to provide this Court, or even CCSD, with a definition of what production would be "full" or "complete." Indeed, Plaintiffs' RFPD includes demands for, "All documents received from, or sent to, NDE concerning the Individuals with Disabilities Education Act," "All documents demonstrating, assessing, or discussing CCSD's compliance and/or noncompliance with the IDEA," and "All documents concerning" various specific categories of compliance measures including, "Measures taken by CCSD to identify, evaluate, and serve pupils with disabilities." *See* ECF No. 129 at 27. These requests, alone, would require collection and review of nearly every document within CCSD related to special education and every email between staff of CCSD regarding special education services. Plaintiffs readily and repeatedly stress that CCSD has 40,000 special education students, each with his, her, or their own IEP and IEP placement, supported by thousands of teachers, service providers and administrators, served in thousands of classrooms, and overseen by numerous CCSD departments. In this context a "full" and "complete" production of documents is meaningless to the Court and is so broad as to be

**Fagen Friedman & Fulfrost, LLP**
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

CCSD'S OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE ORDER

effectively meaningless to CCSD.

Finally, Plaintiffs fault Judge Albregts for failing "to require CCSD to produce its 30(B)(6) witness(es)." ECF No. 150 at 3:3-4. However, Plaintiffs' Motion for Sanctions did not ask for any specific order that CCSD produce 30(b)(6) witnesses for deposition. Instead, Plaintiffs asked only for an alternative order to produce documents and a time period to "complete" unspecified "depositions" after that alternative order. ECF No. 111 at 18:10-11. Plaintiffs' specific request with regards to the 30(b)(6) deposition notice was that CCSD be monetarily sanctioned for Ms. Nichols' failure to communicate with Plaintiffs' counsel that the 30(b)(6) depositions would not proceed the first week they were noticed. ECF No. 111 at 18:18-21. Plaintiffs repeated only this latter request in their reply in support of their Motion for Sanctions. ECF No. 111 at 10:17-22. Judge Albregts' Order grants Plaintiffs' request for monetary sanctions as requested and, as such, there is nothing more requested by Plaintiffs for this Court to order.

## III.    CONCLUSION

Plaintiffs' Objection to Judge Albregts' April 17 Order is rife with procedural and factual misrepresentations of this history of this case and the Parties' discovery and otherwise fails to provide any grounds on which this Court should disturb Judge Albregts' reasoned decision. "While Plaintiffs may be frustrated with the way CCSD has engaged in discovery" (ECF No. 149 at 21-2), Plaintiffs provided no legal support to Judge Albregts or provide legal support now to this Court why CCSD should be sanctioned. Plaintiffs did not comply with this District's Local Rules in bringing a motion to compel and never obtained an order compelling CCSD to respond to its document production requests. Having failed to do either, there is no predicate under FRCP 37(a) or (b) for sanctions of any kind against CCSD.

Plaintiffs' attempts to invoke the Court's "inherent authority" also fail as CCSD has not spoliated evidence; in fact, CCSD has voluntarily produced 33,000 pages of evidence. Plaintiffs' "evidence" of spoliation amounts to broad accusations and, ultimately, conjecture. Plaintiffs fail to provide any evidentiary analysis of *what* CCSD has failed to produce and *how* any failure of production has irreparably injured Plaintiffs' ability to prove its case.

The above applies as well to Plaintiffs' "alternative" request for an order. Plaintiffs failed to

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311

file a motion compliant with Local Rule 26-6 and, on that basis alone, cannot obtain an order compelling the production of documents. Because of this, Plaintiffs provide this Court and CCSD with no factual guidance on what a "full" or "complete" production of documents would entail. When taken in light of the specific RFPD requests that were neither referenced nor discussed in the Motion for Sanctions, it is evident that a "full" and "complete" production of documents might well include every single special education-related document in all of CCSD from January 1, 2019 to the present.

Early in the litigation, Plaintiffs insisted on a two-month fact discovery period while CCSD believed fact discovery would take at least a year. Initially, the Parties compromised on a fact discovery deadline of September 15 and, when that could not be met, October 15. Plaintiffs' claimed inability to engage in fact discovery is not a result of CCSD's bad faith, but one resulting from their own litigation strategy. Plaintiffs' sweeping claims, touching every aspect of special education programming for 40,000 students in the fifth largest school district in the country, could never reasonably be developed through two or even six months of discovery. The error of Plaintiffs' case planning and discovery strategy should not be borne by CCSD.

DATED:  May 15, 2026                      FAGEN FRIEDMAN & FULFROST, LLP


By:          /s/ David R. Mishook
David R. Mishook
Shiva E. Stein
Katherine Yoshida
Attorneys for CLARK COUNTY CITY SCHOOLS

1062-100/9358691.1

**Fagen Friedman & Fulfrost, LLP**
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main 323.330.6300 • Fax 323.330.6311