Lori C. Rogich
Nevada State Bar No. 12272
ROGICH LAW FIRM, PLLC
6070 Eastern Avenue, Suite 270
Las Vegas, Nevada 89119
702.279.2491
lori@rogichlawfirm.com

Courtney McCandless
Nevada State Bar No. 13722
SIMMONS FREEMAN LLC
3625 S. Town Center Drive, Suite 150
Las Vegas, Nevada 89135
702.846.4689
cmccandless@nvtrustlawyers.com

Hillary D. Freeman*
NJ ID No. 002362006
PA ID No. 200109
FREEMAN LAW OFFICES, LLC
100 Canal Pointe Blvd, Suite 121
Princeton, New Jersey 08540
609.454.5609
hillary@freemanlawoffices.com

Attorneys for Plaintiffs

Judith A. Gran*
PA ID No. 41034
Catherine Merino Reisman*
PA ID No. 57473
NJ ID No. 035792000
NY ID No. 5640172
REISMAN GRAN ZUBA LLP
923 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
856.354.0021
catherine@rgz.law
judith@rgz.law

Jeffrey I. Wasserman*
NJ ID No. 037051999
NY ID No. 3046448
Gregory G. Little*
NY ID No. 4288544
WASSERMAN LITTLE LLC
300 Witherspoon Street, Suite 201
Princeton, New Jersey 08542
973.486.4801
jwasserman@wassermanlittle.com
glittle@wassermanlittle.com

*Admitted pro hac vice

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| L.W., by and through his Parent and Next Friend, C.W. and C.W., individually, *et al.,*<br><br>    Plaintiffs,<br><br>  v.<br><br>NEVADA DEPARTMENT OF EDUCATION, *et al.*,<br><br>    Defendants. | Case No.: 2:24-cv-01800-GMN-DJA<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF RULE 72 OBJECTION TO MAGISTRATE'S RULING (ECF [No.] 149) AND REQUEST FOR RECONSIDERATON BY THE DISTRICT COURT JUDGE** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Clark County School District (CCSD) confirms Plaintiffs' central argument that CCSD failed to produce discovery, and thus that the Order (ECF [No.] 149) rewards CCSD's discovery misconduct. The record establishes that (1) CCSD did not undertake a proper collection and review of its electronic discovery, and thus did not comply with its discovery obligations; and (2) CCSD did not produce all of its designated 30(b)(6) witnesses or Dr. Brenda Larsen-Mitchell for noticed depositions, even after the Court below denied CCSD's motion for a protective order against producing Larsen-Mitchell. Yet, the Order permits CCSD to avoid its obligations entirely – and without consequence – which is clearly erroneous and unjust.

More specifically:

- Plaintiffs' requests for production explicitly called for production of all emails and electronic documents. *See* ECF [No.] 129-1 ¶ 4 & Ex. 1. Yet, prior counsel represented that CCSD did not begin the process of searching electronic documents until after the meet and confer at the end of July 2025. ECF [No.] 128 ¶ 9. CCSD made no substantive electronic discovery production – not before the original deadline, not before the extended October 15, 2025 deadline, and not since. <u>Thus, under any evaluation of the underlying facts, CCSD could not have made a complete document production, even taking into account whatever boilerplate objections it made.</u>

- In the Stipulation to Extend Discovery that the Court below entered as an Order (ECF [No.] 104), CCSD committed to producing documents and deposition witnesses that it never produced, instead running out the clock on discovery.

- CCSD acknowledged valid service of Plaintiffs' Notice of Deposition enumerating FRCP 30(b)(6) topics on August 8, 2025, and indicated that it had provided a formal list of 30(b)(6) witnesses on September 2, 2025. ECF [No.] 104 at 5. On October 6, 2025, counsel represented to the Court that counsel was "in the process of getting schedules" for the 30(b)(6) depositions. ECF [No.] 113 at 14:11-22. <u>CCSD does not dispute that, notwithstanding multiple email and telephone contacts, it never scheduled the 30(b)(6) depositions.</u> ECF [No.] 111-1 ¶¶78-80, 83.

2

- The Court denied CCSD's motion for a protective order for Brenda Larsen-Mitchell. ECF [No.] 113 at 28-29. In a second stipulation,[1] CCSD acknowledged that "Plaintiffs still need to depose Ms. Larsen Mitchell." ECF [No.] 130 at 3:14-15. <u>Yet, CCSD did not produce her, either</u>.

- CCSD abused the meet-and-confer process by promising to produce documents, reneging on that promise, misrepresenting its prior and ongoing efforts, and then arguing that discovery has ended. ECF [No.] 150 at 10-11.

CCSD does not, and cannot, deny the foregoing facts. Rather than address the substance of its plain discovery failures, CCSD relies on an Errata as a smokescreen, misstates the procedural history, and reads Rule 37 as a roadmap for evasion instead of a tool for the orderly administration of justice.

A complete collection, review, and production of CCSD's emails and electronic records – together with the ordered Rule 30(b)(6) and Larsen-Mitchell testimony – would reveal what CCSD decisionmakers knew about systemic special education failures, when they knew it, what policies or informal practices they communicated to schools, and whether CCSD chose to perpetuate those practices despite notice of their unlawful effects. Such discovery is entirely likely to include communications and data relating to the violations alleged in ¶¶ 53-66 of the First Amended Complaint, ECF [No.] 30.

The Order, however, ratifies CCSD's gamesmanship, delay tactics and failures to participate. Plaintiffs recognize that, if addressed, reasonable minds might differ on the merits of the sanctions question, but there is no question that it is nothing short of a miscarriage of justice for the Court to ratify CCSD's discovery failures by not even requiring it to produce documents and duly-noticed witnesses for depositions, as is required of every litigant in a federal lawsuit. Indeed, Plaintiffs provided their discovery and deposition witnesses. NDE

---

[1] This stipulation incorporated ECF [No.] 104 but the Court below did not enter it as an Order because it lacked specific dates.

3

made a reasonable document production in response to virtually identical discovery demands, and produced its depositions witnesses. Only CCSD failed and refused to participate in good faith.

The Order, which rewards CCSD's nonparticipation, is clearly erroneous and contrary to law. The Order therefore should be reversed to the extent set forth in Plaintiffs' Objection, and this Court should award appropriate sanctions, or direct CCSD to comply with at least the bare minimum of its discovery obligations by making a complete production of documents, and producing its witnesses for depositions.

## ARGUMENT

### I.    CCSD DOES NOT DISPUTE THE MATERIAL FACTS

This Objection is not based on some judgment call about evidence that the parties disputed. It is, rather, based on the refusal of the Court below to act on undisputed facts demonstrating CCSD's clear noncompliance with its discovery obligations, which resulted in Plaintiffs not receiving electronic records and deposition testimony to which they are entitled.

CCSD's former counsel has sworn that CCSD did not begin to collect or cull electronic discovery until late July 2025 (Nichols Decl., ECF No. [128] ¶¶ 9-11), and that CCSD chose to staff its email production with a single in-house person (*id.* ¶ 14; ECF [No.] 128 at 6), despite otherwise complaining about burden. The "burden" would have been ameliorated had CCSD taken the reasonable approach of using a discovery vendor (or more than one employee).

Further, in a stipulation entered as an Order (ECF [No.] 104), CCSD acknowledged its various remaining discovery obligations and agreements:

> Plaintiffs provided CCSD with search terms for the production on August 12, 2025. CCSD provided a spreadsheet with the number of unique hits for Plaintiffs to narrow the search. CCSD is currently running those search terms against a limited set of custodians—specifically, the individuals CCSD identified to appear as 30(b)(6) witnesses—as a sample set. Depending on the results, Plaintiffs have reserved the right to have searches

4

run for additional custodians. (ECF [No.] 104 at 4:22-28).

Plaintiffs must complete the 30(b)(6) deposition of CCSD. Plaintiffs served CCSD with a Notice of Deposition enumerating FRCP 30(b)(6) topics on August 8, 2025. CCSD informally identified the 30(b)(6) witnesses on August 26, 2025 and provided a formal list of 30(b)(6) witnesses on September 2, 2025, but CCSD still has not identified a witness for one of the topics. (ECF [No.] 104 at 5:9-14).

After reviewing a complete document production from CCSD, Plaintiffs may identify other witnesses from CCSD that they need to depose. (ECF [No.] 104 at 5:15-16).

The Parties have agreed that Plaintiffs may need to recall CCSD witnesses after Plaintiffs have had an opportunity to review the documents to be produced by CCSD and NDE. (ECF [No.] 104 at 5:21-14).

In a second discovery stipulation (ECF [No.] 130), [2] the parties recognized that "Plaintiffs still need to depose Ms. Larsen-Mitchell." ECF [No.] 130 at 3:14-15.

Despite CCSD's express acknowledgements about the discovery that it still needed to provide – including in the Stipulation and Order – CCSD provided none of it. Yet the Order allows CCSD's non-participation without any consequence whatsoever.

CCSD repackages its bare conclusion that the "page count" of voluntary disclosures (33,000 pages of largely named plaintiff-specific records and policy materials) is "prima facie evidence" of compliance. ECF [No.] 153 at 8:20-23. Not so. CCSD's disclosure of student records and program documents does not ameliorate CCSD's admitted failure to perform the collection and review necessary to respond properly to Plaintiffs' document requests. The failure of the Court below to recognize this distinction, and its refusal, at a minimum, to compel CCSD to do what virtually every other litigant is required to do in federal court – that is, collect, cull, review, and produce responsive electronic records – was clearly erroneous and an abuse of discretion.

---

[2] ECF [No.] 130 incorporated the prior stipulation, but the Court below did not enter it as an order because it lacked specific dates.

CCSD's Response also does not deny that: (1) Plaintiffs' requests, on their face, call for production of "all emails" and electronic documents (ECF [No.] 129-1 ¶ 4 & Ex. 1), making it impossible for CCSD to maintain in good faith that it did not understand until late July 2025 that Plaintiffs sought emails; (2) CCSD took no steps to collect, cull, or review emails until five months after service of the document requests; (3) CCSD's September 11, 2025 representation to the Court that CCSD "is *currently running* those search terms against a limited set of custodians . . . as a sample set" (ECF [No.] 104 at 4) was false at the time it was made; (4) CCSD has never produced a deduplicated, search-filtered hit report, even though its own preferred vendor told CCSD that such work could be completed in approximately two weeks (ECF [No.] 111-1 ¶ 52); and (5) CCSD never produced duly noticed Rule 30(b)(6) witnesses or Larsen-Mitchell.

Together, these facts establish a course of conduct in which CCSD elected not to comply with its discovery obligations, resulting in Plaintiffs not receiving documents and depositions to which they were entitled. The Order does not engage with those facts and is clearly erroneous.

## II.   PLAINTIFFS ACCURATELY CHARACTERIZE THE RECORD

Plaintiffs demonstrated that CCSD's prior counsel committed to producing discovery during the July 30, 2025 hearing. The Court below asked counsel if there was "a world in which you think . . . that the school district would perhaps provide . . . the things requested in those discovery requests once these discussions are had?" and Ms. Nichols responded, "Yes, Your Honor." ECF [No.] 112 at 9:18-22. Thus, notwithstanding CCSD's argument that Plaintiffs mischaracterized Ms. Nichols' position (ECF [No.] 153 at 4:28-5:2), it is entirely accurate to characterize this exchange as indicating that CCSD would cooperate in providing the requested discovery, as opposed to dragging out the meet and confer process for months, making

misrepresentations and then arguing that it was too late for the Court to order production.[3]

The substantive point remains the same. The Court ordered the parties to meet and confer on production of responsive documents. ECF [No.] 112 at 12:12-20. CCSD's own counsel acknowledged as much in her sworn declaration. ECF [No.] 128 ¶ 8. It therefore is inaccurate to say, as CCSD does, that "CCSD was under no specific Court Order compelling it to take specific action." ECF [No.] 154 at 8:11. Indeed, CCSD elsewhere admits the opposite: "Judge Albregts *denied* their motion to compel and instead **required** the Parties to engage in further meet and confer." ECF [No.] 153 at 4:25-26 (bold emphasis added) (citing ECF [No.] 112 at 33:13-20 (ECF [No.] 92 made the hearing transcript the Order of the Court)). The Court below thus required CCSD to meet and confer in good faith, but CCSD did not do so.

Further, CCSD's argument that the Court should treat a motion to compel as a hard prerequisite to any Rule 37 analysis ignores its own admission that such a motion was filed in this case at ECF [No.] 75. *See also* ECF [No.] 128 ¶ 6. The finding in the Order that "it does not appear from Plaintiffs' motion that they have previously moved to compel CCSD to provide the documents at issue" (ECF [No.] 149 at 4) therefore is clearly erroneous. CCSD's invitation for this Court to overlook that error by adding CCSD's own requirement, "and obtained an order for CCSD to do so," which is not stated in the text of the Order (ECF [No.] 153 at 11:18-20), is an admission that the Magistrate Judge's express factual finding was wrong, not a reason to ignore that clearly erroneous finding.

III.    **PLAINTIFFS REMAIN ENTITLED TO RESPONSIVE DISCOVERY THAT CCSD NEVER PRODUCED**

---

[3] The docket in this case reflects that the motion to compel was "granted." When brought to their attention that the hearing transcript reflects that the Court below did not order the production of documents, Plaintiffs immediately submitted an *Errata* correctly arguing that the Court ordered the parties to meet and confer regarding the requests for production. ECF [No.] 151. But CCSD seems to treat an order to meet and confer as a license to obstruct discovery and evade obligations under the Federal Rules of Civil Procedure. It is not.

7

Plaintiffs are entitled to the production of responsive electronic data, including emails and other electronic documents, that CCSD admits it never collected or reviewed, much less produced. CCSD's assertion that it disclosed "over 33,000 pages of documents" pursuant to Rule 26, ECF [No.] 153 at 8:20-22, is wholly irrelevant to the instant motion because Plaintiffs do not argue that CCSD failed to produce any documents whatsoever. Rather, Plaintiffs sought sanctions or to compel production, and now seek reversal of the Order failing to order either, based on CCSD's admitted failure to perform the collection and review of electronic data necessary to make even a good-faith effort to respond to requests for production. CCSD admits it has not, and thus admits that it failed to comply with a fundamental discovery obligation.

CCSD presses forward with form-over-substance arguments, treating this motion as if Plaintiffs and CCSD were engaged in disputes over particular objections to specific discovery demands that the parties needed the Court below to decide. But that suggestion ignores reality in this case – that is, that CCSD never even collected its electronic data (especially emails) for review and production, and therefore necessarily could not have provided an appropriate document production. That conclusion is apparent on its face, and beyond any reasonable dispute. CCSD certainly has not argued that its electronic data (such as emails) is entirely non-responsive to Plaintiffs' discovery requests.

CCSD thus leans on the argument that Plaintiffs proposed "excessively broad" search terms, and "were never reasonable in narrowing document production." ECF [No.] 153 at 9:6. But that assertion is baseless. Plaintiffs repeatedly and specifically requested that CCSD provide search results in a manner – quite common in electronic discovery – that would allow for reasonable and appropriate narrowing. For example, in an email dated September 11, 2025, Plaintiffs' counsel addressed exactly this issue to CCSD, requesting provision of *unique hits* and *document counts* and providing examples to explain why that is necessary:

8

By way of example, a custodian may have a 20-page article about autism. That article might use the word autism 200 times, but it is still but one document. 15 custodians might have a copy of that same article, so now the term autism shows up 3000 times, but it is still just one document.

Here's a specific example from discovery in this case. NDE 6623-6743 is a CCSD Special Education Procedures Manual. IDEA shows up 72 times; FAPE shows up 34 times; LRE 12 times; Evaluation 337 times. So, those 4 terms alone total 455 hits in one document. If 100 people at CCSD have that document, and it's probably many factors more than that, this one document alone will have at least 45,550 hits just because of those 4 terms in one document.

***So the search term hits grow exponentially despite there being just one document. With the vendor isolating how many unique documents come up for the terms, we'll have a fair measure of whether the terms themselves are too broad or not, and then can focus our efforts to narrow terms if appropriate and necessary***. (bold/italicized emphasis added)

Even after Plaintiffs reasonably limited the custodians to be searched to just the 30(b)(6) designees, CCSD still never provided a proper hit list, instead simply producing a list of non-unique, non-deduped hit counts, which creates an artificially large number of hits while doing nothing to help the parties narrow the searches. Plaintiffs were reasonable, but CCSD did not take the necessary steps to afford Plaintiffs a fair opportunity to provide narrowed search terms.[4]

CCSD's effort to push its discovery failures onto Plaintiffs, supposedly for not articulating with finer "particularity" what a "full and complete" production would look like, ECF [No.] 153 at 14:14-18, inverts the burden. CCSD's own choices resulted in its discovery failures. Plaintiffs' requests for production, served on March 7, 2025, and formally re-served on April 7, 2025, defined "Document" to include "all emails" and "electronic documents," directed that "all electronic documents including, without limitation, all e-mails … shall be produced in their native formats," and demanded categories of documents drawn directly from

---

[4] This Court should not be long-detained by CCSD's flippant contention that "that a 'full' and 'complete' production of documents might well include every single special education-related document in all of CCSD from January 1, 2019 to the present" (ECF [No.] 153 at 16:6), because CCSD never appropriately engaged with Plaintiffs to narrow the universe of documents to be reviewed. CCSD should not be permitted to use its failure to take even the most basic steps to collect and cull electronic data as both a sword and a shield.

9

the operative First Amended Complaint. ECF [No. 129-1], Ex. 1 at 3-4, 6, 8-10. Once Plaintiffs served those demands, the obligation to collect, cull, and review fell on CCSD. *See* Fed. R. Civ. P. 34(b)(2).

And, beyond Plaintiffs' unrequited attempts to work with CCSD to narrow the universe of electronic data to be reviewed, CCSD admittedly chose not to use an e-discovery vendor, or even to assign adequate internal resources (assigning but one person), to assist in the process of identifying its custodians' responsive emails. Finally, the Court should reject CCSD's attempt to defend its conduct at this late date based on amorphous cost-shifting grounds. CCSD could have moved for an order requiring cost shifting, but CCSD chose not to do so.

## IV. THIS COURT HAS THE AUTHORITY TO IMPOSE SANCTIONS AND TO COMPEL CCSD TO PRODUCE DOCUMENTS AND WITNESSES

CCSD does not argue that the Court lacks authority to compel it to produce required discovery. CCSD does argue, however, that the Court "must" decline to impose any sanction because Rule 37(a)(5) requires a granted motion to compel and Rule 37(b)(2)(A) requires violation of an order. ECF [No.] 153 at 11:3-10. CCSD's argument ignores three separate sources of authority on which this Objection rests.

*First*, Rule 37(d)(1)(A)(i) authorizes sanctions for a party's failure to "appear" for "a deposition, after being served with proper notice," including "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). "The only requirement is that the party be 'served with proper notice' of the deposition beforehand." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 122 (9th Cir. 2018). CCSD concedes that Plaintiffs noticed the 30(b)(6) deposition on August 8, 2025 (ECF [No.] 153 at 10:1-2), and CCSD does not dispute that it failed to produce those witnesses (ECF [No.] 111 at 10:11-11:26) and Larsen-Mitchell.

Yet CCSD somehow argues that "Plaintiffs' Motion for Sanctions includes no factual argument that it obstructed Plaintiffs' ability to take 30(b)(6) depositions prior to the October

10

15 deadline." ECF [No.] 153 at 10:10-12. If CCSD's failure and refusal to schedule the depositions did not somehow "obstruct" Plaintiffs' ability to take them, then nothing does. The failure to compel CCSD to produce documents and its Rule 30(b)(6) witness(es) and Larsen-Mitchell for deposition was clear error.

*Second,* Rule 37(b)(2)(A) in fact does apply here. The Court's July 30, 2025 order directing the parties to meet and confer on written discovery (ECF [No.] 112 at 33:13-20; ECF [No.] 128 ¶ 8) imposed an obligation on CCSD. But CCSD did not honor that obligation, instead causing months of delay and making misrepresentations, while failing to take the basic steps necessary to identify responsive emails.

*Third*, the Court's inherent authority remains intact. CCSD's reliance on *Gregory v. State of Montana*, 118 F.4th 1069 (9th Cir. 2024), to suggest that Rule 37(e) has displaced all inherent authority over electronic discovery is misplaced. *Gregory* addresses the specific question of *destruction* of ESI. Here, the issue is not destruction of ESI; it is CCSD's choice not to *collect, review, and produce* ESI that remains in its possession. The Court's inherent authority "extends to a full range of litigation abuses," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991), and is fully available to address CCSD's documented refusal to participate in discovery. *See* ECF [No.] 150 at 21-23.

## V.     THE PUBLIC IMPORTANCE OF THIS CASE REQUIRES REVERSAL

This is not an ordinary discovery dispute in a run-of-the-mill case. The case concerns the rights of more than 40,000 students with disabilities, a population for whom, as the Supreme Court observed last Term, "[parents] face daunting challenges on a daily basis." *A.J.T. v. Osseo Area Sch.*, 605 U.S. 335, 351 (2025); *see* ECF [No. 129] at 1-2. And, as this Court recognized when denying the motions to dismiss the First Amended Complaint, "Plaintiffs here challenge virtually every aspect of CCSD's special education system." ECF [No.] 105 at 28. CCSD's

11

response to this important public issue has been to staff this case as if it were "some insignificant nuisance, undeserving of adequate resources or its time and attention." ECF [No.] 129 at 1.

Finally, none of the relief Plaintiffs seek would deprive CCSD of defenses it has not forfeited by its own conduct. Plaintiffs sought "an order prohibiting CCSD from offering defenses to liability …, granting an adverse inference …, **and/or awarding a lesser appropriate sanction in the Court's discretion**." ECF [No.] 111 at 4 (emphasis added); *see* ECF [No. 129] at 11. Alternatively, Plaintiffs sought a Court-ordered document production followed by depositions, which is the bare minimum required here for CCSD to comply with its most basic discovery obligations. The Order, though, condones and even rewards CCSD's obstruction. This Objection should be sustained, and the Order reversed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' Objection (ECF [No.] 150) and Errata (ECF [No.] 151), Plaintiffs respectfully request that this Court grant the requested relief.

Dated: May 22, 2026

Respectfully submitted,

*/s/ Hillary D. Freeman*

| | |
|---|---|
| Hillary D. Freeman* | Catherine Merino Reisman* |
| NJ ID No. 002362006 | PA ID No. 57473 |
| PA ID No. 200109 | NJ ID No. 035792000 |
| FREEMAN LAW OFFICES, LLC | NY ID No. 5640172 |
| 100 Canal Pointe Blvd, Suite 121 | Judith A. Gran* |
| Princeton, New Jersey 08540 | PA ID No. 41034 |
| 609.454.5609 | REISMAN GRAN ZUBA LLP |
| hillary@freemanlawoffices.com | 923 Haddonfield Road, Suite 300 |
| | Cherry Hill, New Jersey 08002 |
| | 856.354.0021 |
| | catherine@rgz.law |
| | judith@rgz.law |

12

Lori C. Rogich
Nevada State Bar No. 12272
ROGICH LAW FIRM, PLLC
6070 Eastern Avenue, Suite 270
Las Vegas, Nevada 89119
702.279.2491
lori@rogichlawfirm.com

Courtney McCandless
Nevada State Bar No. 13722
Simmons Freeman LLC
3625 S. Town Center Drive, Suite 150
Las Vegas, Nevada 89135
702.846.4689
cmccandless@nvtrustlawyers.com

Jeffrey I. Wasserman*
NJ ID No. 037051999
NY ID No. 3046448
Gregory G. Little*
NY ID No. 4288544
WASSERMAN LITTLE LLC
300 Witherspoon Street, Suite 201
Princeton, New Jersey 08542
973.486.4801
jwasserman@wassermanlittle.com
glittle@wassermanlittle.com


*Admitted pro hac vice

Attorneys for Plaintiffs

13

**CERTIFICATE OF SERVICE**

I, Hillary Freeman, certify that I served all counsel of record with the foregoing PLAINTIFFS' REPLY IN SUPPORT OF RULE 72 OBJECTION TO MAGISTRATE'S RULING (ECF [No.] 149) AND REQUEST FOR RECONSIDERATON BY THE DISTRICT COURT JUDGE by causing it to be sent via the ECF system on the date indicated below.

Dated: May 22, 2026                    /s/      *Hillary D. Freeman*

14